WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Mark Tillery, | CV 16-0204 TUC CKJ (LAB) |
| Petitioner, | **ORDER** |
| vs. | |
| J.T. Shartle, | |
| Respondent. | |

    Pending before the court is the petitioner's motion, filed on November 14, 2016, to vacate the court's order sealing the administrative record. (Doc. 37)

    Also pending is the petitioner's motion, filed on the same date, for "stay of judgment." (Doc. 38)

    These motions were referred to Magistrate Judge Bowman pursuant to the Rules of Practice of this court. *See* LRCiv 72.1(c).

Discussion

    The petitioner, David Mark Tillery, brings this action pursuant to 28 U.S.C. § 2241. He argues his conviction for murder by general court-martial was obtained in violation of his constitutional rights. (Doc. 1-2, p. 5)

    In his first pending motion, Tillery objects to the court's order, issued on October 19, 2016, granting the respondent's motion to seal the administrative record. (Doc. 37) He states he "is concerned that Respondent's [sic] had moved to seal these documents for an

improper motive or purpose." (Doc. 37, pp. 2-3)

In his response, Warden Shartle explains that "Respondent's only motive for sealing the documents was to protect Petitioner from the disclosure of material protected by the Privacy Act, 5 U.S.C. § 552a." (Doc. 39, p. 3) "If Petitioner is willing to waive his rights under the Privacy Act, [Respondent] has no objection to the unsealing of the Appendix." *Id*.

Tillery has not filed a reply. His motion to vacate the court's order sealing the administrative record will be denied until such time as he informs the court that he is willing to waive his rights under the Privacy Act. (Doc. 37)

In his second pending motion, Tillery "requests [a] stay so that the court may entertain additional grounds he seeks to file." (Doc. 38) He would like to add to his petition four issues:

> (1) whether Petitioner was denied de-facto immunity from prosecution by his military command leadership under *United States v. Wagner*, 35 M.J. 721 (1992); (2) whether Petitioner's military command waived jurisdiction pursuant to 10 U.S.C. § 802, at ¶ 171 [sic]; [] (3) whether Petitioner's military defense counsel during the military court-martial proceedings may have been under Orders by superior officers to avoid raising certain defenses, calling certain witnesses, or asking certain witnesses questions during cross-examination at trial that would have raised issues before the jurors having a direct and substantial influence on guilt or innocence; and (4) that Petitioner is actually innocent of the charge and conviction of murder pursuant to the standard in *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed. 2d 808 (1995).

(Doc. 38, pp. 2-3)

If a petition for habeas corpus has been answered but final judgment has not been entered, the petition may be amended but "only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a); *In re Morris*, 363 F.3d 891, 893 (9th Cir. 2004). "The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). Leave to amend may be denied, however, due to "such factors as bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *In re Morris*, 363 F.3d at 893.

It is not entirely clear why Tillery wants to add these issues to his petition. He states that the respondent failed to address some of the "sub-issues" he raised in his petition, and

1 he "failed to recognize these omissions when preparing his reply." (Doc. 38, p. 1) This is
2 not a valid reason for amending the petition. The reply brief gives the petitioner an
3 opportunity to address the arguments made by the respondent in his answer. The petitioner
4 need not comment on arguments that the respondent failed to raise.

5 The proposed additions (1) and (2) reiterate certain aspects of Tillery's jurisdictional
6 issue, which already appears in the petition. *See* (Doc. 1, pp. 4-5); (Doc. 1-1, p. 10, 11, 12,
7 27, 28); (Doc. 31-1, pp. 113, 119, 120) There is no need to raise these issues in a different
8 form.

9 The issues (3) and (4) are new. But Tillery may not add them now because to do so
10 would be futile.

11 In issue (3), Tillery states that "Petitioner's military defense counsel during the
12 military court-martial proceedings may have been under Orders by superior officers to avoid
13 raising certain defenses, calling certain witnesses, or asking certain witnesses questions
14 during cross-examination at trial that would have raised issues before the jurors having a
15 direct and substantial influence on guilt or innocence." He provides no facts, however, in
16 support of this claim. Accordingly, this amendment would be futile. *See Jones v. Gomez*,
17 66 F.3d 199, 204 (9th Cir. 1995) ("It is well-settled that conclusory allegations which are not
18 supported by a statement of specific facts do not warrant habeas relief.").

19 In issue (4), Tillery states that "Petitioner is actually innocent of the charge and
20 conviction of murder pursuant to the standard in *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851,
21 130 L.Ed. 2d 808 (1995)." The Ninth Circuit has "not resolved whether a freestanding actual
22 innocence claim is cognizable in a federal habeas corpus proceeding in the non-capital
23 context." *Jones v. Taylor*, 763 F.3d 1242, 1246 (9th Cir. 2014). Assuming that it does exist,
24 the standard is "extraordinarily high." *Id.* "[A]t a minimum, the petitioner must go beyond
25 demonstrating doubt about his guilt, and must affirmatively prove that he is probably
26 innocent." *Id.* (punctuation modified). "[A] petitioner must demonstrate that in light of new
27 evidence, it is more likely than not that no reasonable juror would have found the petitioner
28 guilty beyond a reasonable doubt." *Id.*

1  Here, Tillery asserts that he is innocent, but provides no new evidence in support of
2  his claim. Accordingly, this amendment would be futile. *See Jones v. Gomez*, 66 F.3d 199,
3  204 (9th Cir. 1995).

5  IT IS ORDERED that the petitioner's motion, filed on November 14, 2016, to vacate
6  the court's order sealing the administrative record is DENIED. (Doc. 37)
7  IT IS FURTHER ORDERED that the petitioner's motion, filed on the same date, for
8  "stay of judgment" is DENIED. (Doc. 38)
9  DATED this 14th day of December, 2016.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge

- 4 -