IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| David Mark Tillery, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. CIV 16-204-TUC-CKJ (LAB) |
| vs. | ) | |
| | ) | |
| J.T. Shartle, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

On December 14, 2016, Magistrate Judge Leslie A. Bowman issued a Report and Recommendation (Doc. 41) in which she recommended that the Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody filed by David Mark Tillery ("Tillery") be denied. Additionally, the magistrate judge construed the Petition for Summary Judgment (Doc. 17) filed by Tillery as a supplement to the Petition. The magistrate judge advised the parties that written objections to the Report and Recommendation were to be filed within fourteen days of service of a copy of the Report and Recommendation pursuant to Fed.R.Civ.P. 72(b)(2). Tillery has filed an objection. A response and a reply have been filed.

Additionally, Tillery has filed a Request for the Court to Take Judicial Notice under Rule 201 of the Fed.R.Civ.P. of Subpoena(s) Certified Mail # 70160000000357634(Doc. 52). Respondent has filed a response (Doc. 54). Respondent has filed a Motion to Quash Subpoena (Doc. 53), Tillery has filed a response (Doc. 55) and Respondent has filed a reply (Doc. 56).

1  Tillery has also filed a Motion for Summary Judgment in Docket # 56 (Doc. 57).

2  Respondent has filed a Notice of No Response unless Directed to do so by the Court (Doc.

3  58).

4      Lastly, Tillery has filed a document entitled Contempt (Doc. 59).  Respondent has

5  filed a response (Doc. 60).

6

7  I.  *Request for the Court to Take Judicial Notice under Rule 201 of the Fed.R.Civ.P. of*
   *Subpoena(s) Certified Mail # 70160000000357634* (Doc. 52)*, Motion to Quash Subpoena*

8  (Doc. 53), *Motion for Summary Judgment in Docket # 56* (Doc. 57), *and Contempt* (Doc. 59)

9      Tillery requests this Court to take judicial notice that subpoenas attached to his request

10 were served upon Respondent.  That subpoenas may have been served upon Respondent is

11 not relevant to the pending habeas petition.  *See e.g. Plevy v. Haggerty*, 38 F.Supp.2d 816

12 (C.D.Cal. 1998) (where judicial notice was requested of irrelevant information, the court

13 declined to consider the information). The Court, therefore, will not consider the information

14 in its review of the habeas petition.  However, to any extent the fact that the subpoenas were

15 served upon Respondent is relevant to the Motion to Quash Subpoena, the Court accepts that

16 the subpoenas were served upon Respondent.

17     Respondent requests that the subpoenas be quashed.  Unlike the typical civil litigant,

18 a habeas petitioner is not entitled to broad discovery as a matter of course.  *See Bracy v.*

19 *Gramley*, 520 U.S. 899, 904 (1997) (addressing Rule 6(a) of the Rules Governing Section

20 2254 proceedings ("2254 Rules"))[1]; *see also Campbell v. Blodgett*, 982 F.2d 1356, 1358 (9th

21 Cir. 1993) ("[T]here is simply no federal right, constitutional or otherwise, to discovery in

22 habeas proceedings . . .").  However, "[a] judge may, for good cause, authorize a party to

23 conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of

24 discovery."  Rule 6(a), Rules Governing Section 2254 Cases.  "While requests for discovery

25

26  _____

27     [1]A habeas petition under 28 U.S.C. § 2241 is subject to both the 2254 Rules and the
   Federal Rules of Civil Procedure.  Rule 1(b), 2254 Rules, and Fed.R.Civ.P. 81(a)(4).

28              - 2 -

in habeas proceedings normally follow the granting of an evidentiary hearing, there may be instances in which discovery would be appropriate beforehand." Rules Governing Section 2254 Cases, Advisory Notes. Good cause exists when there is "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief[.]" *Bracy*, 520 U.S. at 908-09, *citing Harris v. Nelson*, 394 U.S. 287, 300 (1969); *Gilday v. Callahan*, 99 F.R.D. 308 (D.C.Mass. 1983) (where a habeas petitioner sought to dispute facts previously resolved by state court, good cause is not shown).

Further, Rule 6(b) requires that the party seeking leave of court provide reasons for the request together with any proposed interrogatories, requests for admissions, or document requests. Providing the reasons and proposed discovery enables a court to evaluate whether the discovery would lend support to adequately articulated claims involving specific factual allegations. Discovery is not to be used for "fishing expeditions to investigate mere speculation" or for a prisoner to "explore [his] case in search of its existence." *Calderon v. U.S. Dist. Court for the N. Dist. of Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996) (citations omitted). Indeed, rather than facilitating a fishing expedition, "[h]abeas is an important safeguard whose goal is to correct real and obvious wrongs." *Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999).

Here, Tillery has not shown good cause for the discovery at this stage in the proceedings. Rather, he has argued his constitutional rights to due process and to confront witnesses under compulsory process have been violated. However, that does not address whether discovery is needed in this habeas proceeding. Indeed, Tillery has completed the habeas petition and his objections to the Report and Recommendation.

The Court will deny the request for judicial notice and will grant the request to quash the subpoenas. Because the Court is quashing the subpoenas, it will deny Tillery's requests for summary judgment and for Respondent to be held in contempt for failing to appear for the subpoenas.

## II. *Report and Recommendation*

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Further, under 28 U.S.C. § 636(b)(1), if a party makes a timely objection to a magistrate judge's recommendation, then this Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *See also Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D.Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection"); *United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir.2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made). The Court adopts those portions of the Report and Recommendation to which there is no specific objection.

## III. *Tillery's Objection to Entire Finding and Recommendations (Objection 1)*

Tillery makes general all-encompassing objections to the Report and Recommendations. These objections do not object to specific findings or recommendations included in the Report and Recommendation. The Court will overrule these objections. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the court must make a *de novo* determination of those portions of the report and recommendation or specified proposed findings or recommendations to which objection is made); *see also Ortiz v. Napolitano*, 667 F.Supp.2d 1108 (D.Ariz. 2009); *Napier v. Ryan*, No. CV-09-02386-PHX-ROS, 2011 WL 744899, at *1 (D. Ariz. Feb. 25, 2011) (noting that "general, non-specific objections" do not require the District Court "conduct de novo review of the entire report"); *Garcia v. Nuno*, No. 14-CV-00243-BAS(BGS), 2016 WL 1211954, at *4 (S.D. Cal. Mar. 29, 2016) ("Numerous courts have held that a general objection to the entirety of a Magistrate Judge's [report and recommendation] has the same effect as a failure to object.").

IV. *Waiver of Claims (Objection 2)*

Tillery objects to the magistrate judge's statement that Tillery's "claims arising out of his conviction by military court-martial were 'fully and fairly' considered by the military courts. Any claim not previously raised has been waived." Objections (Doc. 44) (citing R&R (Doc. 41) at 1). Tillery asserts this statement is unsupported and the statement attempts to suggest Tillery is estopped from adding grounds.

However, as discussed by the magistrate judge, it is presumed the military courts fully and fairly considered those claims presented by Tillery. *See* Report and Recommendation (Doc. 41), pp. 6-7. Indeed, the Court "declines to presume a military appellate court . . . failed to consider all the issues presented to it before making a decision." *Thomas v. United States Disciplinary Barracks*, 625 F.3d 667, 672 (10th Cir. 2010). Moreover, although Tillery asserts he has not waived his claims, the Ninth Circuit Court of Appeals has recognized that, absent cause and prejudice, a petitioner will waive a claim by failing to present it to the military courts. *Davis v. March*, 876 F.2d 1446, 1448-50 (9th Cir. 2001). Tillery has not shown cause to excuse his failure to present the issues to the military courts nor has he presented any evidence of prejudice. The Court agrees with the magistrate judge that Tillery has waived those claims not presented to the military courts.

To the extent Tillery is asserting the magistrate judge erred in not permitting him to amend his petition to include additional claims, Tillery could have sought reconsideration of that determination pursuant to LRCiv 7.2(g) or could have sought review of that determination by this Court pursuant to 28 U.S.C. § 636(b)(1)(a) (consideration of whether magistrate judge's order is clearly erroneous or contrary to law). In other words, the statement of the magistrate judge is correct – Tillery's claims that were not previously raised before the military courts and this Court are waived. *See e.g.*, 22 A.L.R. Fed. 2d 1 (Originally published in 2007) (omission of claims may result in dismissal of claims).

The Court will overrule this objection.

## V. *Testimony (Objections 3 - 8)*

Tillery objects to the magistrate judge's statements summarizing the facts and evidence presented in prior proceedings. However, the statements were included in the "Summary of the Case" section of the Report and Recommendation. The Court does not view the inclusion of these statements in the summary as an affirmation of the truth of the statements. Rather, this is a summary of what occurred in prior proceedings. The Court will overrule these objections.

## VI. *Supplemental Brief (Objection 9)*

Tillery objects to the magistrate judge construing his Petition for Summary Judgment as a supplemental brief. He asserts the document should be construed as it was intended which would require consideration of the merits which would result in a decision in favor of the moving party.

What Tillery fails to acknowledge, however, that even if considered as a summary judgment motion, the requirements for habeas relief would still need to be met. *See e.g. Davis*, 876 F.2d at 1449 (where plaintiff sued for declaratory relief, injunctive relief, and damages, the court considered habeas standards). Indeed, if a "military decision has dealt fully and fairly with an allegation raised in [a habeas corpus petition], it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." *Burns v. Wilson*, 346 U.S. 137, 142 (1953). Rather, this Court may only grant relief if the "military courts manifestly refused to consider" Tillery's claims. *Id*.

In other words, whether Tillery's arguments as presented in the summary judgment motion are considered as support for summary judgment or supplemental support of the habeas petition, the result would not change. The Court will overrule this objection.

. . . . .

. . . . .

- 6 -

VII. *Summary of Positions (Objection 10)*

Tillery object to the magistrate judge's statement, "The respondent filed an answer on October 18, 2016 (Doc. 29). He argues that 'Petitioner is not entitled to relief as his claims were fully and fairly considered by the military courts, and any claim not previously raised has been waived. (Doc. 29, p. 2).['"] Objections (Doc. 44), pp. 6-7. Tillery also objects to the statement that "Tillery filed a reply brief in which he argues that his claims are meritorious. (Doc. 35) He does not address the respondents arguments concerning this court['s standard of review." *Id*. at 7.

To the extent Tillery is objecting to the summaries of the positions of the parties, the Court will overrule the objection. The summaries do not purport to make factual findings, but condense the key points of the parties' arguments. The Court will overrule this objection.

VIII. *Summary Denial (Objection 10)*

To the extent Tillery objects because the military court summarily denied claims raised by Tillery pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), this objection does not recognize that it is presumed that the military court dealt fully and fairly with a properly briefed issue even if the court disposed of the issue *summarily*. *Armann v. McKean*, 549 F.3d 279, 293 (3rd Cir. 2008); *Thomas*, 625 F.3d at 672. The Court will overrule this objection.

IX. *Waiver (Objection 10)*

Tillery also asserts he has not waived any claims and has, indeed, included claims in his habeas petition. This argument, however, does not acknowledge that the question is whether Tillery presented the claims to the military courts. As previously discussed in section IV, the military courts fully and fairly considered the claims presented by Tillery; as to those claims Tillery did not present to the military courts, he has waived those claims. The Court will overrule this objection.

1   *X.  Alleged Meritorious Claims (Objection 10)*

2       Tillery states, "Petitioner claims (grounds) raised in the 2241 must be meritorious

3   because respondent did not directly admit, nor deny, that each issue related to IAC was

4   without merit[.]"  Objections (Doc. 44) p. 7.  However, whether Respondent argues an

5   ineffective assistance of counsel claim is meritorious or not does not alter that it is the Court,

6   not the parties, who determines whether a claim is meritorious.

7       In this case, as an alternative basis for denial of Tillery's habeas petition, the

8   magistrate judge discussed Tillery's ineffective assistance of counsel claims.  However, this

9   Court agreed with the magistrate judge's conclusion that Tillery waived those claims not

10  presented to the military courts.  Therefore, this Court need not consider whether the

11  ineffective assistance of counsel claims of Tillery are meritorious.  Nonetheless, the Court

12  agrees with the magistrate judge's conclusion that counsel's alleged deficiencies caused no

13  prejudice.[2]

14      Additionally, the new claims of ineffective assistance of counsel argued by Tillery in

15  his Objections were not presented to the military courts.  As previously stated, Tillery has

16  waived those claims that he failed to present to the military courts.  *Davis*, 876 F.2d at 1448-

17  50.  Further, Tillery has not shown cause to excuse his failure to present the issues to the

18  military courts nor has he presented any evidence of prejudice.  The Court will overrule this

19  objection.

20  . . . . .

21

22

23      [2]The Court disagrees with the magistrate judge's statement that the Sixth Amendment

24  right to counsel does not apply to trial before a court-martial.  Report and Recommendation
    (Doc. 41), p. 9.  As pointed out by Respondent, this statement is correct in the context of a

25  summary court-martial, but as to a special and general court-martial an accused "is ordinarily
    entitled to full assistance of counsel."  *Daigle v. Warner*, 490 F.2d 358, 362 (9th Cir. 1973).

26  However, the does not affect the Court's conclusion that counsel's alleged deficiencies

27  caused no prejudice.

28

XI. *Standard of Review (Objection 10)*

Tillery asserts the magistrate judge did not consider the appropriate standard of review. However, the Court agrees with the magistrate judge that review is pursuant to the standard set forth in *Burns*, 346 U.S. at 142.

XII. *Stay of Judgment (Objection 11)*

Tillery objects to the Report and Recommendation because a ruling has not yet been made as to the issues raised in his request for a stay of judgment. Tillery asserts he sought the stay for the purpose of filing an amended petition, which would add a claim of actual innocence as well as other claims.

However, the magistrate judge denied Tillery's request for a stay of judgment to permit him to submit additional claims. Tillery did not seek review of that Order. Furthermore, the Court agrees with the magistrate judge's conclusion that permitting Tillery to add additional claims to his habeas petition is not appropriate. As pointed out by the magistrate judge, Tillery appears to be seeking to amend his petition because he did not include information in his habeas reply. In other words, he had an opportunity to raise the issues and failed to do so.

Indeed, Tillery's proposed additions (1) and (2) simply restate certain portions of arguments already presented by Tillery. While his proposed additions (3) and (4) raise new claims, the addition of these claims would be futile. Tillery only presents conclusory allegations in his proposed addition (3); such allegations do not warrant habeas relief. *Greenway v. Schriro*, 653 F.3d 790, 804 (9th Cir. 2011) (a "cursory and vague [claim] cannot support habeas relief"); *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995) (stating that conclusory allegations with no reference to the record or other evidence do not warrant habeas relief.). Tillery's proposed addition (4) is also futile. As stated by the magistrate judge:

The Ninth Circuit has "not resolved whether a freestanding actual innocence claim is

cognizable in a federal habeas corpus proceeding in the non-capital context." *Jones v. Taylor*, 763 F.3d 1242, 1246 (9th Cir. 2014). Assuming that it does exist, the standard is "extraordinarily high." *Id.* "[A]t a minimum, the petitioner must go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent." *Id.* (punctuation modified). "[A] petitioner must demonstrate that in light of new evidence, it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt." *Id.*

December 14, 2016, Order (Doc. 42), p. 3. Here, Tillery's filings point out the evidence against him was circumstantial. However, Tillery has not demonstrated that, in light of new evidence, it is more likely than not that no reasonable trier of fact would have found Tillery guilty beyond a reasonable doubt. The Court will overrule this objection.

XIII. *Conclusion*

The Court, after an independent review, finds it appropriate to overrule Tillery's objections. The Court will deny the Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody.

Additionally, 28 U.S.C. § 2253(c)(1) requires state prisoners proceeding under § 2241 to obtain a certificate of appealability ("COA"). In contrast, § 2253(c)(1)(B) explicitly requires a federal prisoner to obtain a COA *only* when proceeding under § 2255. By negative implication, a federal prisoner who proceeds under § 2241 does not need a COA to proceed. *See Flint v. United States*, 463 Fed.Appx. 876 (11th Cir. 2012) (federal prisoner does not need a COA to appeal the denial of a § 2241 petition); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.) (allowing petitioner to proceed under § 2241 without a COA) (*cert. denied*, 534 U.S. 1001 (2001)).

Accordingly, IT IS ORDERED:

1. With the clarification that the Sixth Amendment right to counsel does not apply to trial before a summary court-martial, but that as to a special and general court-martial an accused is generally entitled to full assistance of counsel, the Report and Recommendation (Doc. 41) is ADOPTED as discussed herein.

2. Tillery's Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a

Person in Federal Custody (Doc. 1) is DENIED.

3. Tillery's Petition for Summary Judgment (Doc. 17), treated as a supplement to the Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody, is DENIED.

4. Tillery's Request for the Court to Take Judicial Notice under Rule 201 of the Fed.R.Civ.P. of Subpoena(s) Certified Mail # 70160000000357634(Doc. 52) is DENIED.

5. Respondent's Motion to Quash Subpoena (Doc. 53) is GRANTED. Subpoenas issued in this case are QUASHED.

6. Tillery's Motion for Summary Judgment in Docket # 56 (Doc. 57) is DENIED.

7. Tillery's Request for Contempt (Doc. 59) is DENIED.

8. The Clerk of the Court shall enter judgment and shall then close its file in this matter.

DATED this 29th day of September, 2017.

_____
Cindy K. Jorgenson
United States District Judge

- 11 -